**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YA-EL HOFFMAN, | : | |
| | : | Civil Action |
| Plaintiff | : | |
| v. | : | No. _____ |
| | : | |
| CITY HUNT LLC, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**COMPLAINT**

Plaintiff, Ya-el Hoffman, by and through her counsel, Broughal & DeVito, L.L.P., files

the within Complaint against Defendant, City Hunt LLC, and avers the following:

**Nature of the Action**

1.      This is an action for violations of the Fair Labor Standards Act ("FLSA"), the

Pennsylvania Minimum Wage Act ("PMWA"), Title VII of the Civil Rights Act of 1964 ("Title

VII"), and the Pennsylvania Human Relations Act ("PHRA"), arising from Defendant's

misclassification of Plaintiff as an independent contractor, failure to pay overtime, and unlawful

discrimination, harassment, and retaliation.

**Jurisdiction and Venue**

2.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental

jurisdiction over the subject matter of Plaintiff's PHRA claims pursuant to § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because events

giving rise to these clams occurred in the Eastern District of Pennsylvania.

**Procedural Prerequisites**

4.      Plaintiff Ya-el Hoffman ("Plaintiff") dual-filed a Charge of Discrimination, No. 530-2024-06814, with the United States Equal Opportunity Employment Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC) on June 14, 2024.

5.      On December 15, 2025, the EEOC issued Plaintiff Ya-el Hoffman a Determination and Notice of Rights; this action is filed within ninety (90) days of that Notice.

**Parties**

6.      Plaintiff Ya-el Hoffman is an adult individual residing at 6901 Sell Rd, Zionsville, PA 18092.

7.      Defendant City Hunt LLC ("Defendant") is a limited liability company with a principal place of business at 11219 Serenbe Lane, Chatt Hill, GA 30268, and regularly conducts business in Pennsylvania.

8.      Upon information and belief, Defendant employs more than fifteen (15) employees and is an "employer" within the meaning of Title VII.

**Facts**

9.      Plaintiff was employed by Defendant from approximately March 1, 2019, until December 18, 2023, most recently holding the position of Sales Vice President.

10.      Plaintiff was classified as an independent contractor but, in reality, worked exclusively for Defendant, performed full-time work, followed Defendant's directions and instructions, and used Defendant's equipment and email.

11.      Defendant controlled all aspects of Plaintiff's work, including her schedule, attendance at meetings, sales calls, required documentation, and on-call requirements.

12.     Plaintiff was required to attend daily meetings, follow Defendant's protocols, and was supervised by Defendant's management, including Ben Hoffman and Steve Biermann.

13.     Plaintiff was not permitted to perform services for any other entity during her engagement with Defendant.

14.     Defendant provided Plaintiff with the necessary equipment and access to Defendant's email system to perform her job duties.

15.     Plaintiff regularly worked more than 40 hours per week and was on call seven days a week, but was not paid overtime compensation as required by law.

16.     Based on Plaintiff's recollection and available records, Plaintiff estimates that she worked at least 14 to 28 hours of overtime per week, every week, during her employment. This equates to approximately 728 to 1,456 overtime hours per year for which Plaintiff was not compensated.

17.     In or around spring of 2023, Plaintiff was directed by Defendant's owner, Ben Hoffman, to receive coaching from Defendant's CFO, Steven Biermann.

18.     During online training sessions, which were recorded by Mr. Biermann, Mr. Biermann made inappropriate and derogatory comments to Plaintiff, including stating that Plaintiff "looked much better in her profile picture than when she was online in meetings" and that she should "show up prettier" in order to close more sales.

19.     Plaintiff was shocked and embarrassed by these statements.

20.     On or about August 3, 2023, Plaintiff complained to Mr. Hoffman about Mr. Biermann's sexually harassing statements and about her being misclassified as an independent contractor rather than an employee.

21. Mr. Hoffman informed Plaintiff that he would not get involved in her issues with Mr. Biermann and instructed Plaintiff to "handle it herself."

22. After being informed of this by Mr. Hoffman, Plaintiff informed Mr. Biermann that the way he spoke to her was inappropriate. In response, Mr. Biermann stated he would no longer provide her any coaching.

23. In August 2023, Plaintiff again raised concerns to Defendant's management that her job duties and level of control exercised by Defendant did not comply with the legal definition of an independent contractor and that she should be classified as an employee.

24. In response to Plaintiff's complaints about misclassification, Defendant's management, including Ben Hoffman and Steve Biermann, threatened Plaintiff with adverse consequences, including a reduction in pay and termination.

25. Specifically, on or about August 15, 2023, Plaintiff was told by Defendant's management that if she insisted on being classified as an employee, her pay would be cut in half and she would be responsible for additional costs.

26. After Plaintiff refused to accept these terms and continued to assert her rights, Defendant's management began to exclude her from meetings and communications, and ultimately terminated her employment on December 18, 2023.

27. Plaintiff was terminated on December 18, 2023, along with three other female workers who had also been misclassified as independent contractors.

28. On information and belief, Plaintiff was replaced by a male sales manager.

29. The above conduct constitutes sexual discrimination, sexual harassment, and retaliation in violation of Title VII and the Pennsylvania Human Relations Act.

30.     Defendant's actions in threatening and terminating Plaintiff after she complained about misclassification and unpaid overtime constitute retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

31.     Plaintiff has exhausted all administrative remedies required under Title VII and the PHRA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
### (Failure to Pay Overtime and Retaliation)

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as if those paragraphs were set forth fully here.

33.     Defendant misclassified Plaintiff as an independent contractor and failed to pay overtime for hours worked in excess of 40 per week, in violation of the FLSA.

34.     Defendant further retaliated against Plaintiff for asserting her rights under the FLSA by threatening her with adverse employment actions and ultimately terminating her employment after she complained about misclassification and unpaid overtime, in violation of 29 U.S.C. § 215(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

- enter judgment in favor of Plaintiff and against Defendant;
- award Plaintiff unpaid wages, overtime, and other compensation due, including but not limited to an estimated 728 to 1,456 overtime hours per year for each year of employment;
- award compensatory and punitive damages for discrimination, harassment, and retaliation under Title VII and the PHRA;
- award liquidated damages as permitted by law;
- award reasonable attorneys' fees and costs; and
- grant such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT (PMWA)
### (Failure to Pay Overtime)

35.     Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as if those paragraphs were set forth fully here.

36.     Defendant failed to pay Plaintiff overtime compensation as required by the PMWA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

- enter judgment in favor of Plaintiff and against Defendant;
- award Plaintiff unpaid wages, overtime, and other compensation due, including but not limited to an estimated 728 to 1,456 overtime hours per year for each year of employment;
- award compensatory and punitive damages for discrimination, harassment, and retaliation under Title VII and the PHRA;
- award liquidated damages as permitted by law;
- award reasonable attorneys' fees and costs; and
- grant such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Sexual Harassment and Retaliation)

37.     Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as if those paragraphs were set forth fully here.

38.     Defendant, through its agents and employees, subjected Plaintiff to unwelcome sexual harassment, including inappropriate and derogatory comments about Plaintiff's appearance and gender.

39.     Plaintiff complained to Defendant's owner about the harassment, but Defendant failed to take any remedial action and instead retaliated against Plaintiff by isolating her, ceasing communication, and ultimately terminating her employment.

40.    Defendant's conduct constitutes discrimination and retaliation on the basis of sex,

in violation of Title VII, 42 U.S.C. § 2000e et seq.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

- enter judgment in favor of Plaintiff and against Defendant;
- award Plaintiff unpaid wages, overtime, and other compensation due, including but not limited to an estimated 728 to 1,456 overtime hours per year for each year of employment;
- award compensatory and punitive damages for discrimination, harassment, and retaliation under Title VII and the PHRA;
- award liquidated damages as permitted by law;
- award reasonable attorneys' fees and costs; and
- grant such other relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)
### (Discrimination, Harassment, and Retaliation)

41.    Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as if

those paragraphs were set forth fully here.

42.    Defendant subjected Plaintiff to sexual harassment and discrimination, and

retaliated against Plaintiff for complaining about such conduct, in violation of the PHRA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

- enter judgment in favor of Plaintiff and against Defendant;
- award Plaintiff unpaid wages, overtime, and other compensation due, including but not limited to an estimated 728 to 1,456 overtime hours per year for each year of employment;
- award compensatory and punitive damages for discrimination, harassment, and retaliation under Title VII and the PHRA;
- award liquidated damages as permitted by law;
- award reasonable attorneys' fees and costs; and
- grant such other relief as the Court deems just and proper.

## JURY DEMAND

43.    Plaintiff Hoffman demands a trial by jury on all claims and issues so triable.


**BROUGHAL & DeVITO, L.L.P.**


Date:   12/17/2025                    By:          /s/ John S. Harrison, Esquire
                                           **JOHN S. HARRISON, ESQUIRE**
                                           Attorney I.D. #53864
                                           **ERIKA A. FARKAS, ESQUIRE**
                                           Attorney I.D. #313686
                                           38 W. Market Street
                                           Bethlehem, PA  18018
                                           Telephone No.:  (610) 865-3664
                                           Facsimile No.:  (610) 865-0969
                                           johnharrison@broughal-devito.com
                                           erikafarkas@broughal-devito.com
                                           *Attorneys for Plaintiff*